Richard C. Gramlich, State Bar No. 014449

**TB TIFFANY & BOSCO**
P.A.

SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
TELEPHONE: (602) 255-6000
FACSIMILE:   (602) 255-0103
E-Mail:  rcg@tblaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Media Print, Inc., an Arizona corporation, | Case No. 2:18-CV-00982-SRB |
| Plaintiff, | **PLAINTIFF'S MOTIONS IN LIMINE** |
| v. | |
| Nationwide Insurance Company of America, an Ohio corporation; Scottsdale Insurance Company (a Nationwide subsidiary), an Ohio corporation; and Black and White Corporations I-X, | (Assigned to the Honorable Susan Bolton) |
| Defendants. | |

Plaintiff, Media Print, Inc., by and through its attorneys undersigned, hereby files the attached Motions *in Limine* ("MIL") to preclude Defendants' attempt to admit prior bad acts and complaints in other matters regarding the roofing company, D&L Commercial Roofing Southwest and/or Greg DiMatteo (collectively "D&L") which would be prejudicial and could result in a mistrial, because it violates the following Federal Rules of Evidence:

**Rule 403**.  **Excluding Relevant Evidence for Prejudice**.

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury. . .

**Rule 404.  Character Evidence Not Admissible to Prove Conduct.**

**(a)** **Character Evidence Generally.**  Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except . . .

**(b)** **Other Crimes, Wrongs, or Acts.**  Except as provided in Rule 404(c) evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.

DATED this 15th day of November, 2019.

                                            **TIFFANY & BOSCO, P.A.**

                               By:  */s/ Richard C. Gramlich*
                                          Richard C. Gramlich
                                          2525 East Camelback Road, 7th Floor
                                          Phoenix, Arizona 85016-4237
                                          *Attorneys for Plaintiff*

**I. MIL NO. 1: PLAINTIFFS' ALLEGED PRIOR BAD ACTS SHOULD BE PRECLUDED PURSUANT TO FED.R.EVID., 403 AND 404(a)-(b)**

Defendants may seek to introduce a trial that D&L had several Better Business Bureau ("BBB") complaints and Registrar of Contractor ("ROC") complaints on other unrelated matters, by unrelated persons.  (See Defendant's Statement of Facts in support of their Motion for Summary Judgment at ¶ 10.)  A complaint, by itself, is not proof of anything, it is simply an allegation. *Triquint Semiconductor, Inc. v. Avago Technologies Limited*, 2010 WL 3034880 (D. Ariz. 2010); *Nelson v. Biddle*, WL 2323136 (D. Or. 2007); *Higgins v. Farr Financial Inc*., WL 13257721 (N.D. Cal. 2011).  If Nationwide were allowed to delve into these complaints it would require mini trials on the merits of each complaint, which would be wholly collateral to this matter, resulting in extensive delay and prejudice to Media Print, which would be outweighed by any relevance to Nationwide.

Rule 404, Fed.R.Evid., applies in civil cases and exists to ensure that cases are tried based upon the events in question and not based upon "prior bad acts" or the good or "bad character" of the person. *Arizona, Dept. of Law, Civil Rights Div. v. ASARCO, L.L.C.*, 844 F.Supp. 2d 957 (D. Ariz. 2011).  Evidence of alleged "bad character" or "prior bad acts" is barred where its probative value is outweighed by the likelihood of prejudice.  *Id.*

The purpose of a Motion *in Limine* is to preclude evidence, which is inadmissible and could prejudice the jury.  *Research Corp. Technologies, Inc. v. Microsoft Corp.*, WL 2971755 (D. Ariz. 2009); *State v. Superior Court*, 186 Ariz. 363, 922 P.2d 927 (App. Div. 1 1996).  Allowing instances of alleged "prior bad acts" and other evidence of D&L's alleged "bad character" would violate Rules 403 and 404, *Fed.R.Evid*., and likely result in a mistrial or reversal.

## II. MIL NO. 2: THE 2011 UCC FINANCING STATEMENT SHOULD BE PRECLUDED PURSUANT TO FED.R.EVID, 401, 402 AND 901

It is anticipated that Defendants will try to enter into evidence a 2011 UCC Financing Statement filed with the Arizona Secretary of State <u>by a financing company</u>, Metro Phoenix Bank, which set the value of the Hitachi Press at $70,000, claiming that Media Print filed this Statement. Same should not be allowed as Media Print did <u>not</u> prepare or file the Statement and because the Statement is inadmissible hearsay prepared by an unknown filer without an adequate foundation.

Rule 401 and 402 Fed.R.Evid. require that documents be relevant to be admissible. Rule 901 Fed.R.Evid. requires that documents are sufficiently identified and established through a proper foundation. Rule 802 Fed.R.Evid. precludes the admission of hearsay evidence. Allowing in the unsigned, unverified 2011 – 2016 UCC 1 Financing Statements, filed by Metro Phoenix Bank would violate all 4 rules. First, the financing statement is not relevant as values placed in UCC 1 Statements are typically "liquidation values" not fair market values. The damages recoverable in this case would be the fair market value to replace the equipment not its liquidation value, which is not relevant. Media Print denies preparing or filing the UCC 1 Statement and it is not clear from the documents themselves (attached hereto as **Exhibit A**), who prepared or filed them, what the basis was for the valuation, and how was the author qualified to make the valuation, such that the documents lack an adequate foundation, under Rule 901 Fed.R.Evid., and constitute hearsay under Rule 802 Fed.R.Evid.

For the foregoing reasons, the financing statement should not be allowed into evidence.

///

///

///

-4-

**CERTIFICATE OF GOOD FAITH**

I hereby certify that I was unable to resolve this motion after consultation with opposing counsel.

DATED this 15th day of November, 2019.

**TIFFANY & BOSCO, P.A.**

By: */s/ Richard C. Gramlich*
Richard C. Gramlich
2525 East Camelback Road, 7th Floor
Phoenix, Arizona 85016-4237
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing, with a copy sent via e-mail to the following:

John M. DiCaro
William G. Caravetta, III
JONES SKELTON & HOCHULI
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
jdicaro@jshfirm.com
bcaravetta@jshfirm.com
***Attorneys for Defendants***


*/s/ Lisa Mocek*